# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13 CV 2498 CDP |
| | ) | |
| THOMAS R. KANE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Maurice Walker (registration no. 1199258), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $7.37. See 28 U.S.C. § 1915(b)(1). After reviewing the complaint, the Court finds that it fails to state a claim upon which relief can be granted. However, the Court will give plaintiff an opportunity to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $36.83, and an average monthly balance of less than $36.83. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $7.37, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989); <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. <u>Spencer v. Rhodes</u>, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), <u>aff'd</u> 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment. Named as defendants are the Missouri Department of Corrections and several prison officials.

Plaintiff alleges that on July 3, 2012, at which time he was incarcerated at the Farmington Correctional Center ("FCC"), his cellmate, Jerome Nash, sexually assaulted him while he was lying on his bunk. Plaintiff claims the assault took place after the 10 p.m. count, and he says that Nash pushed his face into his pillow so that he could not yell out for help. Plaintiff claims that he felt "apprehensive" about Nash prior to the incident, and he asserts that he told defendant Doug Barker about his apprehension. After the incident, plaintiff notified prison officials, and the Department of Corrections took action against Nash for the assault. Plaintiff seeks

monetary and injunctive relief on the theory that defendants did not take proper steps to ensure his safety.

## Discussion

The Eighth Amendment prohibition against cruel and unusual punishment imposes upon correctional officers the obligation to protect inmates from harm by other inmates. See, e.g., Smith v. Marcantonio, 910 F.2d 500, 501 (8th Cir.1990). An Eighth Amendment violation is actionable under § 1983 if the plaintiff shows that the "defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates." Falls v. Nesbitt, 966 F.2d 375, 377-78 (8th Cir.1992) (quoting Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir.1991)). Mere inadvertence or negligence cannot support a claim under the Eighth Amendment. See Andrews, 929 F.2d at 1330.

A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault. See Wright v. Jones, 907 F.2d 848, 850 (8th Cir.1990). "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer v. Brennan, 511 U.S. 825, 844

(1994); see Jensen v. Clark, 94 F.3d 1191, 1197 (8th Cir. 1996) (quoting Farmer). "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." Id. at 845.

In this action, plaintiff has not pled sufficient facts to state a claim for unconstitutional failure to protect. Plaintiff only alleges that he told defendant Barker that he was "apprehensive" about Nash prior to the incident. And plaintiff claims that he was not able to inform prison officials about the assault until after the incident, at which point they took action to protect him from further harm from Nash. As a result, the complaint does not state a claim for relief under § 1983 against any of the individual defendants.

Additionally, the complaint fails to state a claim against the Missouri Department of Corrections because an agency exercising state power is not a "person" subject to a suit under § 1983. E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991).

Finally, the complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College,

72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted for this reason as well.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint so that he can attempt to cure the defects in the complaint. Plaintiff shall have twenty-eight days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within the time allotted, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $7.37 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint no later than twenty-eight (28) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 29th day of January, 2014.

_/s/ Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE