UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MAURICE WALKER,            )
                           )
       Plaintiff,          )
                           )
                           )   No. 4:13CV2498 CDP
                           )
THOMAS R.. KANE, et al.,   )
                           )
       Defendants,         )

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's amended complaint. Having reviewed the amended complaint, I find that it should be partially dismissed.

### Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a

claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Amended Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against defendants in their individual capacities. Defendants are the Missouri Department of Corrections, several officials with the Department of Corrections, and a prisoner named Jerome Nash. Plaintiff alleges that on July 3, 2012, Nash was assigned to be his cell mate. He told defendant Doug Barker that he felt "threatened" by having Nash in his cell with him. He says he was then approached by defendants Dale White and Unknown Amonds and he told them of his fears. Plaintiff claims they told him they knew what Nash was capable of and that if Nash did anything, they would put him in segregation.

Plaintiff says that on July 9 Nash sexually assaulted him for about twenty minutes, not allowing him to cry for help. Plaintiff was unable to tell anyone for three days. Plaintiff claims that when he did, he was placed in administrative segregation and no investigation was conducted. Plaintiff alleges he was given no medical attention or legal assistance. Plaintiff asserts that the other defendants denied his grievances.

## Discussion

The complaint survives initial review as to defendants Doug Barker, Dale White, and Unknown Amonds. As a result, the Court will direct the Clerk to serve process on these defendants.

The complaint fails to state a claim against the Missouri Department of Corrections. E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit). As a result, the complaint shall be dismissed as to the MDOC pursuant to 28 U.S.C. § 1915(e)(2)(B).

The complaint does not state a claim against Jerome Nash under § 1983 because he is not a state actor acting under color of law.

"Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). As a result, the complaint does not state a claim against defendants Thomas Kane, George Lombardi, Tom Villmer, Amy Roderick, Lisa White, Unknown Worelly, or Dwayne Kempker, and the Court will dismiss these defendants from the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue as to defendants Doug Barker, Doug White, and Unknown Amonds, all of whom are alleged to be or have been employees of the Missouri Department of Corrections.

**IT IS FURTHER ORDERED** that defendants Missouri Department of Corrections, Thomas Kane, George Lombardi, Tom Villmer, Amy Roderick, Lisa White, Unknown Worelly, Dwayne Kempker, and Jerome Nash are **DISMISSED** from this action without prejudice.

A separate Order of Partial Dismissal will be filed forthwith.

Dated this <u>4th</u> day of <u>March</u>, 2014.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE