UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAURICE WALKER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13CV2498 CDP |
| TOMAS R. KANE, et al., | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's ex parte motion for the U.S. Marshal's Office to effectuate service in this matter and on his motion for appointment of counsel.

Plaintiff's ex parte motion is moot. I have already directed the Clerk's office to effectuate service in this matter. Moreover, there is no justifiable reason for the filing of the motion ex parte. Therefore, I will direct the Clerk to remove the ex parte restrictions from the motion.

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. This is a straightforward failure-to-protect case. Furthermore, plaintiff has demonstrated an ability to present his claims in a coherent matter. The motion is denied.

Finally, defense counsel was unable to waive service against named defendant Doug Barker because there was no Missouri Department of Corrections employee by that name who worked at Farmington Correctional Center. Therefore, plaintiff must provide the proper name, employer, and location of Doug Barker within thirty days of the date of this Memorandum and Order. If plaintiff fails to provide this information, I will dismiss Barker without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's ex parte motion for the U.S. Marshal's Office to effectuate service in this matter [ECF No. 17] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk shall remove the ex parte restrictions from the motion.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel [ECF Nos. 4, 18] are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff must provide the name, employer, and location of named defendant Doug Barker within thirty (30) days from the date of this Memorandum and Order. If plaintiff fails to timely file this information, I will dismiss Barker without prejudice.

Dated this 3rd day of June, 2014.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE